IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MISTY ALBERDA**                                                                                           **PLAINTIFF**

V.                                        NO. 3:20-CV-00283-JTK

**COMMISSIONER OF
SOCIAL SECURITY ADMINISRATION**                                   **DEFENDANT**

**ORDER**

I.   **Introduction**:

Plaintiff, Misty Alberda ("Alberda"), applied for disability benefits on August 31, 2016. (Tr. at 15). She also filed an application for supplemental security income benefits. *Id*. In both applications she alleged disability beginning on July 23, 2016. *Id*. The claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Alberda's application on February 18, 2020. (Tr. at 30). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Alberda has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

II.   **The Commissioner's Decision**:

The ALJ found that Alberda had not engaged in substantial gainful activity since the alleged onset date of July 23, 2016.[2]  (Tr. at 17). At Step Two, the ALJ found that Alberda had the

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from

following severe impairments: degenerative changes of the lumbar, thoracic, and cervical spine, neuropathy, migraine headaches, pain syndrome, anxiety, and depression. (Tr. at 18).

At Step Three, the ALJ determined that Alberda's impairments did not meet or equal a listed impairment. (Tr. at 18-21). Before proceeding to Step Four, the ALJ determined that Alberda had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations: (1) she can no more than occasionally climb ramps and stairs; (2) she can no more than occasionally balance, stoop, kneel, crouch, and crawl; (3) she can no more than occasionally reach overhead; (4) she can no more than occasionally be exposed to extreme cold, loud noise, and vibration; (5) she can frequently handle, but never climb ladders, ropes, or scaffolds; (6) she can never be exposed to unprotected heights or dangerous moving machinery; (7) she can understand and remember simple instructions and can sustain attention and concentration to complete simple tasks with regular breaks every two hours; (8) she can interact as needed with supervisors and coworkers and have occasional interaction with the public; and (9) she can adapt to routine work conditions and occasional work place changes. (Tr. at 22).

At Step Four, the ALJ determined that Alberda was unable to perform any of her past relevant work. (Tr. 28). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Alberda's age, education, work experience and RFC, that she could perform work in the national economy, including jobs as table worker, addresser, and document preparer. (Tr. at 29-30). Therefore, the ALJ concluded that Alberda was not disabled. *Id.*

### III. **Discussion:**

---

performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Alberda's Arguments on Appeal

Alberda contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ did not resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"), that the ALJ did not properly evaluate Alberda's subjective complaints, and that the hypothetical that the ALJ posed to the VE should

3

have specifically included limitations in concentration, persistence, and pace. The Court finds support for Alberda's first argument, with respect to the reaching limitation in the RFC, and limits its discussion thereto.[3]

Alberda had back and neck pain throughout the relevant time-period. MRI of the lumbar spine showed lumbar scoliosis with disc protrusion, and involvement of the nerve root. (Tr. at 1031). She had limited range of motion and tenderness in her neck and spine, and a positive straight-leg raise at one appointment. (Tr. at 567-569, 1016-1018). Alberda treated with lumbar medial branch blocks, epidural steroid injections, and a TENS unit. (Tr. at 425-428, 551-583, 1050-1053). She tried water aerobic therapy. (Tr. at 780-796). She took Norco, Gabapentin, and Robaxin. (Tr. at 611-613, 651-656, 704-706, 1084-1089).

Alberda said she had trouble with sweeping, mopping, and fixing her hair, and that her doctor placed a lifting restriction on her. (Tr. at 22-23, 334-335). She said neck pain interfered with daily activities. (Tr. at 23).

The two Disability Determination Services medical experts reviewed the record and limited Alberda to light exertional work. (Tr. at 131, 154).

The ALJ found lumbar and cervical disc degeneration to be severe impairments. (Tr. at 15). He found that due to her chronic pain, Alberda could perform only sedentary work, and would need additional postural limitations, including the restriction to no more than occasional overhead reaching. (Tr. at 22). The jobs that the VE identified require frequent overhead reaching. Alberda

---

[3] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

argues that this presents a conflict at Step Five, which the ALJ did not resolve.

An ALJ has an affirmative duty to ask about any possible conflict between the VE's testimony and the DOT before relying on that testimony to support his findings. Soc. Sec. Ruling ("SSR") 00-4p (2000), *2-4, 2000 SSR LEXIS 8. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). The VE must provide sufficient explanation for his testimony. *Id*. Next, an ALJ must explain in his decision how he resolved that conflict. *Id*.

In this case, the VE only said that he relied on his "past experience" to resolve the conflict that was present. (Tr. at 73-74). The ALJ did not pursue the question further and the VE did not offer any insight into how that experience cleared up the matter. This Court has carefully examined exactly how much detail or support a VE must provide when he knows there is a conflict between his testimony and the VE. When he simply says he is relying on his experience, that is not enough. *Rollins v. Kijakazi*, No. 3:20-cv-00239-PSH, 2021 U.S. Dist. Lexis 165097 (E.D. Ark. Aug. 31, 2021); *Montoya v. SSA*, No. 3:18-cv-00091-JTK, U.S. Dist. LEXIS 99311 (E.D. Ark. June 13, 2019); see also *Stanton v. Berryhill*, 899 F.3d 555 (8th Cir. 2018) (the VE's response that his "experience" resolved the conflict was insufficient).

Other VEs, in instances where the Court has determined that the conflict was properly resolved, have described their training and education, their personal observation of the jobs in question, the specific kind of reaching each job actually requires, and how Social Security manuals and supporting references address the conflict. *Smith v SSA*, No. 3:19-cv-00373-BD, 2020 U.S. Dist. LEXIS 240226 (E.D. Ark. Dec. 22, 2020); *Porter v. Berryhill*, No. 4:17-cv-00072-NKL, 2018 U.S. Dist. LEXIS 37141 (W.D. Mo. March 7, 2018). The VE plays a critical role in the

disability review, and the ALJ must know how the VE arrives at his conclusions and how he supports his conclusions. The ALJ needs a solid vocational evidentiary foundation to meet his Step Five burden. And the Court needs to see that foundation before it can decide if the ALJ properly dispatched his duty. In this case, the VE's reliance upon "past experience" alone did not provide sufficient foundation, and therefore the Step Five conflict was left unresolved.

## IV. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not obtain sufficient explanation from the VE about the apparent conflict between his testimony and the DOT. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 17th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE